Thompson v. Thompson

---

VIVIAN LAMB THOMPSON v. FREDDIE W. THOMPSON

No. 121

(Filed 26 June 1975)

1. Contempt of Court § 6; Constitutional Law § 29— criminal contempt proceeding — jury trial

A defendant is not entitled to a jury trial in a criminal contempt proceeding.

2. Appeal and Error § 3— appeal from Court of Appeals — substantial constitutional question — burden on appellant

An appellant seeking to appeal to the Supreme Court from a decision of the Court of Appeals as a matter of right on the ground that a substantial constitutional question is involved must allege and show the existence of a real and substantial constitutional question which has not already been the subject of conclusive judicial determination or suffer dismissal.

APPEAL by defendant, pursuant to G.S. 7A-30(1), from the decision of the Court of Appeals, 25 N.C. App. 79, 212 S.E. 2d 243, which affirmed the judgment entered by *Winborne, District Judge*, 16 August 1974 Session of WAKE County District Court.

On 2 July 1971 plaintiff instituted an action seeking alimony *pendente lite*, custody of the children born to the marriage of plaintiff and defendant, and support for said children. On 21 September 1971 Judge Henry V. Barnette, Jr., entered an order awarding custody of the children to plaintiff, requiring defendant to pay the sum of $150 a month for each of his three minor children, and requiring defendant to pay $500 for accrued child support and $250 in attorney's fees to plaintiff's attorney. Judge Barnette also found that plaintiff was not entitled to alimony *pendente lite*.

In August, 1974, a hearing was held before Judge Winborne pursuant to plaintiff's motion that defendant be held in contempt for willful failure to make support payments as ordered. After finding, *inter alia*, that defendant was in arrears in child support payments in the amount of $11,080 and that his failure to make said payments was willful and without lawful excuse, Judge Winborne held defendant in contempt of Court, found that he was at that time unable to pay the full amount of arrearage, and thereupon ordered that defendant be confined in the Wake County Jail for a period of thirty days.

Thompson v. Thompson

Defendant appealed, and the Court of Appeals affirmed. Defendant appealed to this Court on the ground that the case involved "a substantial question arising under the Constitution of the United States [and] of this State." G.S. 7A-30(1). On 29 April 1975 plaintiff filed with this Court a motion to dismiss the appeal on the ground that it presented no substantial constitutional question.

*Carl E. Gaddy, Jr., for defendant appellant.*

*George M. Anderson for plaintiff appellee.*

PER CURIAM.

[1]   The sole question presented by this appeal is whether defendant is entitled to a jury trial in a criminal contempt proceeding.

The identical question was considered and answered in the negative in *Blue Jeans Corporation v. Clothing Workers,* 275 N.C. 503, 169 S.E. 2d 867. We reaffirm that well reasoned and scholarly opinion by Justice Huskins. *See also Codispoti v. Pennsylvania,* 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed. 2d 912; *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed. 2d 897.

[2]   G.S. 7A-30(1) provides that there may be an appeal of right to this Court from decisions of the Court of Appeals which directly involve a substantial question arising under the Constitution of the United States or the Constitution of this State. However, our decisions interpreting this statute require that an appellant must either allege and show the existence of a real and substantial constitutional question which has not already been the subject of conclusive judicial determination or suffer dismissal. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, *cert. denied,* 393 U.S. 1087, 89 S.Ct. 876, 21 L.Ed. 2d 780.

We hold that appellant has failed to show the existence of a substantial constitutional question which has not already been the subject of conclusive judicial determination, and therefore plaintiff's motion to dismiss is allowed.

Appeal dismissed.